IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD ANDRE GOODSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:12cv193-TMH |
| | )         (WO) |
| CARTER F. DAVENPORT, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER ON MOTION**

Petitioner has filed a motion to stay the proceedings on his 28 U.S.C. § 2254 petition for habeas corpus relief pending the outcome of proceedings on his state post-conviction petition. (Doc. No. 2.) The court having fully considered this motion, it is

ORDERED that Petitioner's motion to stay (Doc. No. 2) is DENIED.

The court advises Petitioner that if he wishes to present claims in state court and to pursue such claims in a federal habeas petition, he may request voluntary dismissal without prejudice of the instant action pursuant to Rule 41 of the Federal Rules of Civil Procedure. However, the court hereby **CAUTIONS** Petitioner of the potential consequences of dismissal of his action pursuant to such a request. Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not

counted.  *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000).  Petitioner is advised that the pendency of the instant federal habeas action does not toll – and has not tolled – the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1) should Petitioner subsequently file another § 2254 petition after dismissal of the instant petition without prejudice.  *See Duncan v. Walker*, 533 U.S. 167, 181(2001) (construing 28 U.S.C. § 2244(d)(2)).

**Finally, Petitioner is advised that the fact a § 2254 petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.**

Done this 13th day of March, 2012.

　　　　　　　　　　　　　/s/ Terry F. Moorer　　　　　　　
　　　　　　　　　　　TERRY F. MOORER
　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE