IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD ANDRE GOODSON, #149540,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| vs.   ) | CASE NO. 1:12-cv-193-WHA |
| ) | |
| CARTER F. DAVENPORT, et al.,   ) | |
| ) | |
| Respondents.   ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #23), entered on August 4, 2014, and the Petitioner's Objection thereto (Doc. #27), filed on September 9, 2014. The court has conducted an independent evaluation and *de novo* review of the file, and finds as follows:

In his objections to the Magistrate Judge's Recommendation, Goodson first reargues an ineffective assistance of counsel claim presented in his § 2254 petition. However, because the Magistrate Judge found his petition to be time-barred under the federal limitation period, the Recommendation does not address the merits of his ineffective assistance claim.

Goodson then reargues his actual-innocence claim, which was based on alleged alibi testimony. The actual-innocence claim was fully addressed in the Magistrate Judge's Recommendation. After discussing the facts surrounding the actual innocence claim, the Recommendation states:

1

The record reflects that Goodson was aware at the time of trial of the alibi witness he offers as evidence of his actual innocence.  Therefore, the evidence is not new.[1]  Nor does it appear that such evidence is highly reliable.  Goodson's trial counsel testified that a principal reason for his decision not to call this witness at Goodson's trial was his concern that the jury would not find her credible.  Although she was a friend of Goodson's, the witness had also evidenced an unwillingness to testify, a consideration Goodson's counsel weighed in assessing the value of presenting testimony from the witness.  Thus, Goodson presents neither new nor reliable evidence to establish his innocence.  *See Schlup*, 513 U.S. at 324.

Even had the alibi witness testified at trial to the matters alleged by Goodson, the jury could weigh and assess the credibility of such testimony against the substantial evidence of Goodson's guilt presented by the State.  In its memorandum opinion affirming Goodson's conviction on direct appeal, the Alabama Court of Criminal Appeals summarized the evidence[2]:

---

[1] The Eleventh Circuit has not directly decided whether evidence available at trial but simply not presented should be considered "new" under *Schlup*.  *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1018 n.21 (11th Cir. 2012) (declining to reach issue but discussing decisions from other circuits, some holding that evidence is not "new" under *Schlup* if it was available at trial but petitioner chose not to present it to the jury, others holding that evidence is "new" under *Schlup* so long as it was not presented at trial).  In any case, even if Goodson's known-but-not-presented alibi evidence is considered "new" evidence under *Schlup*, that evidence, as discussed in this Recommendation, was neither highly reliable nor of the sort that would enable Goodson to carry his burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence.  *See Schlup*, 513 U.S. at 327.

[2] Goodson was convicted of the July 20, 2005, robbery of the Shell station.  The State introduced evidence of two other robberies that occurred in the same vicinity in the same week as tending to prove Goodson's identity as the Shell station robber and to show his common plan or scheme.

> The State's evidence established that on July 20, 2005, Cassie Phillips was working in her position as cashier at the Shell station when a black male entered the business wearing a torn nylon stocking over his head. He was holding a rusty silver revolver in one and used his other hand to hold up his pants. He demanded that Phillips give him all of the money from the register and she complied.
>
> On July 23, 2005, Carol Walters was working in her position as a cashier at the Citgo station across the street from the Shell station when a black male wearing a torn nylon stocking entered the business brandishing a gun. He demanded that Walters give him all of the money in the register and Walters complied.
>
> On July 27, 2005, a CenturyTel phone mart was robbed. When the cashier screamed that she had just been robbed, store manager Valerie Thompson chased the robber in her car and obtained the license plate number from his vehicle. She subsequently gave the license plate number and a description of the automobile to police.
>
> Upon further investigation, law enforcement officers determined that the license plate number given to them by Thompson did not match the vehicle described by Thompson. The database indicated that the license plate in question was registered to a vehicle owned by Goodson. A photographic lineup was prepared and shown to Cassie Phillips. Phillips immediately identified Goodson as the man who robbed her. At trial, both Phillips and Carol Walters identified Goodson as the man who robbed them.

Doc. No. 12-4 at 1-2.

> Here, the evidence presented by the State included eyewitness testimony identifying Goodson as the Shell station robber as well as eyewitness testimony linking Goodson and his car to similar robberies that occurred in the same vicinity in the same week. Goodson's trial counsel's assessment of the questionable credibility and limited worth of testimony from the alibi witness suggests that the jury as well was unlikely to find her credible. Perhaps a jury would credit Goodson's alibi witnesses, or perhaps it would not. In either event, the alibi testimony is not so ironclad in its reliability that it satisfies the criteria for actual innocence. Goodson has not carried his burden of demonstrating "that it is more likely than not that no reasonable juror would have convicted [him] in light of the [alleged] new evidence." *Schlup*, 513 U.S. at 327. Accordingly, the court concludes that Goodson is not entitled to the actual innocence exception to the habeas statute's time-bar as articulated in *Schlup*.

Recommendation, Doc. No.23 at pp. 4-6.

The court finds that the Magistrate Judge's Recommendation correctly addresses Goodson's actual-innocence claim and finds that it is not sufficient to provide an exception to the habeas statute's time-bar because it does not meet the strenuous standard of *Schlup*.

For the reasons stated above, the court finds the Petitioner's objection to be without merit, and it is hereby OVERRULED.  The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice under 28 U.S.C. § 2244(d).

DONE this 16th day of October, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE